# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CALARIELL P. JOHNSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:23-CV-00436 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a "Quiet Title Action" in state court against Select Portfolio Servicing, Inc. (Select) and Wilmington Savings Fund Society, FSB (Wilmington). ECF 1-1. Defendants removed the action to this federal court based on diversity jurisdiction. ECF 1. On February 9, 2023, Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 4. Plaintiff did not file a timely response. *See* LOC. R. S.D. TEX. 7.3, 7.4. Having reviewed the motion and the law, the Court recommends that Defendants' Motion to Dismiss be GRANTED[1] and Plaintiff's claim to quiet title be dismissed with prejudice.

---

[1] The District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 5.

## I. Background

On August 29, 2003, Calariell P. Johnson executed a promissory note in favor of Bank of America, N.A. in the amount of $108,237.00 secured by a deed of trust on property located at 5639 Tiger Lilly Way, Houston, Texas, 77085 (Property). On April 4, 2014, Bank of America assigned its rights under the Deed of Trust to Wilmington. On January 6, 2023, Plaintiff filed a "Quiet Title Action." Defendants now move to dismiss Plaintiff's action.

## II. Motion to Dismiss Standards

Defendants move to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464,

467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court properly considers the Warranty Deed with Vendor's Lien attached to Plaintiff's state court pleading (ECF 1-1 at 10-12), as well as the Promissory Note, Deed of Trust, and Assignment attached to Defendants' Motion. ECF 4-1.

## III.    Analysis

Plaintiff's Original Petition asserts one claim to quiet title to the Property. Plaintiff asks the court to "to remove all encumbrances and liens" on the Property, declare Plaintiff the owner "entitled to the quiet and peaceful possession of the

Property" and to enjoin Defendants from asserting any interest in the Property. ECF 1-1 at 8.

A suit to quiet title in Texas requires a plaintiff to show: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid. *Warren v. Bank of America, N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014); *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App.—Texarkana 1991, writ denied)). "The principal issue in a suit to remove a cloud from a title, or a suit to quiet title, is the existence of a cloud that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet denied). "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of the defendant's." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Plaintiff alleges that as of August 2003 she has owned the Property "in fee simple" and has occupied it exclusively since that time. ECF 1-1 at 5. She does not state how she came own the Property or who paid who for it, but the Warranty Deed

with Vendor's Lien attached to her state court pleading expressly establishes that (i) Johnson executed a note payable to Bank of America N.A. in the amount of $108,237.00; (ii) at Johnson's request Bank of America paid to Beazer Homes the purchase price evidenced by the note; and (iii) "the vendor's lien and superior title to the property are retained for the benefit of Bank of America N.A." ECF 1-1 at 10.

Plaintiff does not allege that she has satisfied her obligations under the Promissory Note, which is necessary for her to establish superior title. *See Carter v. Bayview Loan Servicing LLC*, No. CV H-18-822, 2019 WL 3254705, at *5 (S.D. Tex. June 11, 2019), report and recommendation adopted, No. 4:18-CV-822, 2019 WL 3252330 (S.D. Tex. July 19, 2019) (citing *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.—Fort Worth 1999, pet. denied) and *Willoughby v. Jones*, 251 S.W.2d 508, 509-10 (Tex. 1952) in holding that tender of the sum owed on the mortgage debt is necessary to support claim to set aside foreclosure).

Plaintiff has wholly failed to plausibly allege that she holds superior title to the Property, and in fact the record establishes otherwise. Therefore, her claim to quiet title must be dismissed. Because Plaintiff has not stated a viable substantive claim for relief, she is not entitled to declaratory relief. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (The

Texas Uniform Declaratory Judgments Act "is merely a procedural device; it does not create any substantive rights or causes of action"); *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011) (holding that request for declaratory relief cannot stand after substantive claim is dismissed).

While it is not appropriate to grant a motion to dismiss with prejudice based solely on the lack of response, Plaintiff has presented no facts that plausibly state a claim for relief and has not requested leave to amend. *Garza v. Formosa Plastics Corp.*, No. CIV.A. V-10-54, 2011 WL 121562, at *2 (S.D. Tex. Jan. 11, 2011); *Lopez v. VHS San Antonio Partners, LLC*, Civil Action No. 17-CA-151, 2017 WL 10841974, at *1 n.1 (W.D. Tex. Dec. 19, 2017). Thus, the Court concludes dismissal is appropriate and amendment would be futile. *See Lyons v. Starbucks Coffee Co., No*. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *4 (N.D. Tex. Aug. 24, 2020), report and recommendation adopted, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020) ("when a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case."); *Vanskiver v. City of Seabrook, Texas*, Civil Action No. H-17-3365, 2018 WL 560231, at *7 (S.D. Tex. Jan. 24, 2018).

## IV. Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 4) be GRANTED and Plaintiff's quiet title action be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 04, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge